IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| **JOSEPH DAVID HANCOCK,** § | | |
| **TDCJ-CID No. 592274,** § | | |
| § | | |
| Petitioner, § | | |
| § | | |
| v. § | | CIVIL ACTION V-09-30 |
| § | | |
| **RICK THALER, Director,** § | | |
| **Texas Department of Criminal Justice,** § | | |
| **Correctional Institutions Division,** § | | |
| § | | |
| Respondent. § | | |

## MEMORANDUM OPINION AND ORDER

Joseph David Hancock ("Petitioner"), an inmate of the Texas Department of Criminal Justice-Correctional Institutions Division, has filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. (Dkt. No. 1.) Respondent has filed a Motion for Summary Judgment. (Dkt. No. 9.) Having considered the motion, record, and relevant law, the Court finds that Respondent's motion should be GRANTED and Petitioner's habeas petition should be DISMISSED.

### Background

Petitioner claims that his rights were violated in the course of disciplinary proceeding number 20090097257. (Dkt. No. 1 at 5.) Petitioner was charged with fighting without a weapon. (Disciplinary Hearing Record ("DHR") at 6.) Petitioner was notified of the charge on December 12, 2008 and attended a hearing on December 15, 2008, where he was found guilty. *(Id.* at 1.) The Disciplinary Hearing Officer imposed the following punishment: 45 days loss of commissary; 45 days of cell restriction; a reduction in class from L2 to L3; and 90 days lost good time credit. *Id.*

On December 30, 2008, Petitioner submitted a Step 1 grievance form. (Disciplinary

Grievance Record ("DGR") at 4.) This grievance claims that the offender with whom Petitioner allegedly fought was not charged with a disciplinary violation, that a Sergeant Rosales had violated his rights by "fixing his eyes" on Petitioner with a "hate stare," and that Sergeant Rosales was both the original reporter of the incident and the investigator. (*Id.* at 3-4.) The Step 1 grievance was rejected on January 20, 2009. (*Id.* at 4.)

On January 26, 2009, petitioner submitted a Step 2 grievance form. (*Id.* at 2.) Petitioner's claims in the Step 2 grievance are that Petitioner was not given the opportunity to present evidence at his hearing, that some evidence presented against him was hearsay, and that he was discriminated against. (*Id.* at 1-2.) This grievance was rejected on March 10, 2009. (*Id.* at 2.)

Petitioner signed and mailed the instant federal habeas corpus petition on April 23, 2009. (Dkt. No. 1 at 9.)

## Claims and Allegations

Petitioner alleges three grounds for his claim that his due process rights were violated:

1. Petitioner was denied the opportunity to call witnesses;

2. Petitioner's case was reported and investigated by the same person; and

3. Ineffective assistance of counsel.[1]

## Summary Judgment

Respondent is entitled to summary judgment if the pleadings and evidence "show that there is no genuine issue as to any material fact and that the [respondent] is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). Respondent, as the movant, bears the burden of convincing the court that this standard has been satisfied.

---

[1] A fourth ground is presented at page 8 of the petition (Dkt. No. 1 at 8), but it is so garbled as to be unintelligible.

### Exhaustion of Administrative Remedies

Petitioner's claims are barred for failure to exhaust administrative remedies. Before bringing a habeas corpus petition in federal court, Petitioner must exhaust his administrative remedies. *Lerma v. Estelle*, 585 F.2d 1297, 1299 (5th Cir. 1978). Here, Petitioner's administrative remedy was the two-step grievance procedure outlined above. Petitioner must, however, present all of his claims at each of the steps in the grievance procedure. *Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004). Petitioner failed to mention his first claim in his Step 1 Grievance, his second claim in his Step 2 Grievance, and his third claim in either of his Grievance forms. Because Petitioner did not exhaust his administrative remedies as to any of the three claims he brings to this Court, those claims are procedurally barred.

Further, Petitioner has not alleged the "extraordinary circumstances," *Cent. States Se. & Sw. Areas Pension Fund v. T.I.M.E.-DC*, 826 F.2d 320, 329 (5th Cir. 1987), or good cause and actual prejudice necessary to overcome the procedural bar. *Johnson v. Cain*, 215 F.3d 489 (5th Cir. 2000).

### Certificate of Appealability

A certificate of appealability may be issued only if Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(B)(2). To make such a showing, Petitioner must demonstrate that reasonable jurists could disagree on the issues at bar, that a court could resolve the issues in a different manner, or that the questions are adequate to deserve encouragement to proceed further. *Lucas v. Johnson*, 132 F.3d 1069, 1073 (5th Cir.1998). For the reasons stated in this Order, Petitioner has not made a substantial showing of the denial of a constitutional right or that reasonable jurists would find the Court's rulings to be debatable. Therefore, the Court denies the issuance of a certificate of appealability in this action.

## Conclusion

Based on the foregoing:

1. Respondent's Motion for Summary Judgment (Dkt. No. 9) is GRANTED;

2. This Petition for a Writ of Habeas Corpus is DENIED; and

3. A Certificate of Appealability shall not issue.

It is so ORDERED.

SIGNED this 4th day of March, 2010.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE